UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARVIN K. PETERSON, an individual; and<br>CAROL A. PETERSON, an individual, | Case No. 3:12-cv-01086-HA |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| MERRILL J. BAUMANN, JR., an individual, | |
| Defendant. | |

HAGGERTY, District Judge:

Plaintiffs, Marvin Peterson and Carol Peterson, are a husband and wife who live in Washington state. Defendant Merrill Baumann is a partner at the law firm of Dunn Carney Allen Higgins & Tongue, and is currently plaintiffs' son-in-law. Defendant and plaintiffs' daughter, Patricia Baumann, are currently involved in dissolution proceeding in Clackamas County Circuit Court.[1] Following the initiation of the dissolution proceeding, plaintiffs filed this declaratory

---

[1] Judge Kathie Steele held a three-day trial in Clackamas County on August 31, 2012, and September 12 and 13, 2012. The parties are awaiting Judge Steele's decision.

1 -- ORDER

action seeking a declaration that defendant is in breach of a contract and must relinquish all rights to certain pieces of property as part of the dissolution proceeding.

Defendant promptly moved to dismiss this action based on a lack of subject matter jurisdiction. Defendant asserts that this court lacks jurisdiction based on (1) the domestic relations exception; (2) the *Brillhart-Wilton* abstention doctrine; and (3) that once indispensable parties are properly joined under Rule 19, complete diversity is destroyed. Alternatively, defendant asks this court to abstain from exercising jurisdiction because the prior dissolution action is currently pending in state court. Lastly, defendant contends that plaintiffs are using this lawsuit to harass him, and that their intent is evidenced by plaintiffs' choice of counsel.[2] The court deems oral argument to be unnecessary. For the following reasons, defendant's Motion to Dismiss [9] is GRANTED.

## STANDARDS

A party seeking to invoke the jurisdiction of the federal courts has the burden of satisfying the jurisdictional requirements. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). The opposing party may dispute the jurisdiction of the district court by bringing a facial or factual challenge under Federal Rule of Civil Procedure 12(b)(1). *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial challenge asserts that the allegations pled in the complaint are insufficient on their face to invoke federal jurisdiction, whereas a factual challenge disputes the truth of the allegations giving rise to jurisdiction. *Id.*

---

[2] Plaintiffs are represented by the law firm of Davis Wright Tremaine (DWT), where defendant had been an "of counsel" attorney or partner at that firm's Portland office from 1998 to 2006. Defendant also notes that DWT assisted in the administration of defendant's mother's estate, for which defendant was the personal representative, and therefore may have confidential information regarding defendant's assets.

2 -- ORDER

In a facial challenge, the court looks only at the face of the pleadings and must accept all factual allegations pled in the complaint as true. *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1209 n.1 (9th Cir. 2012) (citing *Carson Harbor Village, Ltd. v. City of Carson*, 353 F.3d 824, 826 (9th Cir. 2004)). However, in a factual challenge, the district court may also review evidence beyond the complaint without converting the motion into one for summary judgment. *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.8 (9th Cir. 2012) (citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch. Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In such a circumstance, no presumptive truthfulness attaches to the allegations in the complaint, and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

## DISCUSSION

### 1. Nature of defendant's motion

At the outset, the court must resolve the parties' disagreement as to whether defendant is waging a facial or factual attack on plaintiffs' Complaint. Defendant has presented evidence beyond the Complaint to support his claim that this court lacks jurisdiction to hear this case. Based on defendant's briefing, however, it does not appear that defendant is challenging any of the factual elements of subject matter jurisdiction. Defendant does not dispute that the parties are diverse, that the amount in controversy exceeds $75,000, or that this court has authority to issue a

3 -- ORDER

declaratory judgment in this action. Instead, defendant argues that the court should *decline* jurisdiction based on a number of discretional factors. This court's review is therefore limited to the face of the complaint and documents referenced by the complaint, such as the underlying postnuptial agreements upon which plaintiffs' claim is based. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

2. **Factual background**

As part of plaintiffs' tax and estate planning, they decided to gift property to their children, including their daughter Patricia. Compl. at ¶6. Beginning in 1994, at plaintiffs' request, Patricia and defendant entered into an "Agreement Re: Status of Property" (Postnuptial Agreement) in which they agreed that certain property gifted from plaintiffs to Patricia "shall be the sole and separate property of Patricia and that [defendant] shall acquire no interest therein whatsoever." Foster Decl. at Ex. 1. They further agreed that in the event of a dissolution of their marriage, defendant has relinquished all rights to the gifted property. *Id.*

Patricia and defendant entered into another contract entitled "Second Agreement Re: Status of Property" (Second Postnuptial Agreement) in December of 1996 regarding additional properties. *Id.* at Ex. 2. The Second Postnuptial Agreement provided that defendant had no interest in certain specified property or in any property acquired by Patricia through future gifts from plaintiffs. *Id.* The Second Postnuptial Agreement again provided that in the event of a dissolution of Patricia and defendant's marriage, defendant would have no rights to the gifted property. *Id.* Both agreements included a quit claim deed of defendant's rights in previous and future gifts to Patricia. *Id.* at Ex. 1, 2. Plaintiffs assert that they are third party beneficiaries under the Second Postnuptial Agreement. Compl. at ¶11. They assert that their intent in asking

4 -- ORDER

defendant to sign the Second Postnuptial Agreement was to protect the gifted property and ensure that it stayed within the Peterson family. *Id.* at ¶6.

In November of 2011, Patricia petitioned for the dissolution of her marriage in the Oregon Circuit Court for Clackamas County. *Id.* at ¶9. In that proceeding, defendant continues to claim that gifted property, which is the subject of the Second Postnuptial Agreement, is part of his marital share. *Id.* Plaintiffs seek a declaration pursuant to 28 U.S.C. § 2201 and 2202, that plaintiffs have rights under the Second Postnuptial Agreement, that defendant is in breach of that agreement, and that defendant must relinquish all rights to the property described in the agreement. *Id.* at ¶14.

### 3. Domestic relations exception

Federal courts have long recognized that domestic relations cases are within the province of the state courts. *See Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968) (citations omitted). Therefore, even though a district court may have diversity jurisdiction over a dispute, the court must decline jurisdiction when the primary issues in the case concern "the status of parent and child or husband and wife." *Id.*

This domestic relations exception to jurisdiction is narrowly confined, and divests a district court of the authority to issue divorce, alimony, and child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 & n.6 (1992). The exception also enables a district court to decline jurisdiction where "the issues involved are closely related to issues within the domestic relations exception and considerations of comity and policy counsel against federal court intervention." *Fern v. Turman*, 736 F.2d 1367, 1370 (9th Cir. 1984) (citations omitted); *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004) (noting that the exception allows

5 -- ORDER

a district court to decline to hear a case involving "elements of the domestic relationship" even when divorce, alimony, or child custody is not strictly at issue); *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998) (holding that a district court should decline jurisdiction when a suit consists of ancillary domestic relations proceedings, such as a suit for the collection of unpaid alimony).

Defendant asserts that this case qualifies for the domestic relations exception because plaintiffs seek a determination of the parties' rights with respect to property involved in the state dissolution proceedings. Plaintiffs respond that their action merely involves a "breach of contract between diverse parties," such that the court must exercise its jurisdiction over this action.

This court was presented with similar facts in *Bidwell v. Baker*, No. CV 01-53-HA, 2001 WL 34045762 (D. Or. Aug. 16, 2001). In *Bidwell*, a former husband brought a complaint for declaratory judgment, specific performance, and breach of contract against his former wife alleging diversity jurisdiction. *Id.* at *1. Following dissolution proceedings in state court, the parties received a decree regarding the division of property and a required payment by the husband to the wife. *Id.* The husband appealed the state court's decree. *Id.* While the appeal was pending, the parties allegedly entered an oral agreement to settle the property issues and dismiss the appeal. *Id.* However, the Oregon Court of Appeals issued its decision affirming the state court decree before the appeal was dismissed, and the wife allegedly denied the existence of the oral settlement agreement. *Id.* The husband then filed the action in this court seeking a declaration that the agreement was binding and that the wife breached the agreement. *Id.*

This court held that the domestic relations exception was applicable because the husband was seeking to enforce an agreement that would necessarily alter the parties' division of property

6 -- ORDER

and the existing divorce decree. *Id.* at *2. This court believed that it would unavoidably find itself bound up in litigation over the terms of the parties' divorce decree and the rights arising from their marital status. *Id.*

The present facts are also reminiscent of *Allen v. Allen*, 518 F. Supp. 1234, 1237 (E.D. Pa. 1981), in which a husband sued his wife in federal court while contested divorce proceedings, including child custody and support, were pending in state court. The husband alleged that the wife had breached a postnuptial agreement by refusing to pay certain debts related to the marital property as agreed to in the contract. *Id.* at 1234. The wife denied the validity of the agreement, and alleged that the husband had fraudulently obtained her signature through misrepresentation. *Id.* at 1235. The court determined that these facts presented "a clear case for the application of the domestic relations exception" because the postnuptial agreement at the heart of the federal action "was entered into in order to determine the rights and obligations to marital property upon separation." *Id.* at 1237. The court explained that although the federal action sounded in contract and fraud, the dominant theme of the federal and state actions was "a dispute over the ownership of marital property." *Id.*

Here, plaintiffs' action seeks a declaration about the enforceability of a postnuptial agreement entered into between plaintiffs' daughter and defendant regarding the rights and ownership of property upon separation. The validity of this agreement has been questioned by defendant in the pending state action, and the matter is likely to be resolved by the state court's judgment. If this court were required to issue a ruling as to the legal rights of plaintiffs, defendant, and Patricia in this action, it would necessarily affect the ultimate divorce decree in state court, or it would affirm or modify the existing decree if the state court's judgment is issued

7 -- ORDER

first. As a result, this court finds that the present dispute regarding the Second Postnuptial Agreement is a "dispute over the ownership of marital property," and is a matter best left to the state court under the domestic relations exception. *Allen*, 518 F. Supp. at 1237; *see also McLaughlin v. Cotner*, 193 F.3d 410, 413 (6th Cir. 1999) (dismissing the plaintiff's breach of contract claim because the agreement at issue was a marital property agreement, the parties already had a pending action in state court regarding the same issue, and the agreement was ultimately incorporated into the state court's divorce decree); *Banes v. Banes*, No. 1:12-CV-00011, 2012 WL 2550853, *2-3 (D. N. Mar. I. June 18, 2012) (holding that an action regarding the scope of a wife's interest in community property based on an alleged breach of a prenuptial agreement is an ancillary proceeding that should be litigated along with the divorce proceeding); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832, 836 (S.D. Ill. 2006) (holding that remand to the state court was proper under the domestic relations exception where the plaintiff sought a judicial declaration that a prenuptial agreement was void, and the object of her complaint was a determination of the scope of her interest in marital property).

## CONCLUSION

For the reasons provided, defendant's Motion to Dismiss [9] is GRANTED. This matter is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 30 day of September, 2012.

Ancer L. Haggerty
United States District Judge

first. As a result, this court finds that the present dispute regarding the Second Postnuptial Agreement is a "dispute over the ownership of marital property," and is a matter best left to the state court under the domestic relations exception. *Allen*, 518 F. Supp. at 1237; *see also McLaughlin v. Cotner*, 193 F.3d 410, 413 (6th Cir. 1999) (dismissing the plaintiff's breach of contract claim because the agreement at issue was a marital property agreement, the parties already had a pending action in state court regarding the same issue, and the agreement was ultimately incorporated into the state court's divorce decree); *Banes v. Banes*, No. 1:12-CV-00011, 2012 WL 2550853, *2-3 (D. N. Mar. I. June 18, 2012) (holding that an action regarding the scope of a wife's interest in community property based on an alleged breach of a prenuptial agreement is an ancillary proceeding that should be litigated along with the divorce proceeding); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832, 836 (S.D. Ill. 2006) (holding that remand to the state court was proper under the domestic relations exception where the plaintiff sought a judicial declaration that a prenuptial agreement was void, and the object of her complaint was a determination of the scope of her interest in marital property).

## CONCLUSION

For the reasons provided, defendant's Motion to Dismiss [9] is GRANTED. This matter is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 30 day of September, 2012.

Ancer L. Haggerty
United States District Judge